335 Mich. 143 (1952)
55 N.W.2d 769
In re IRWIN'S ESTATE.
IRWIN
v.
JACOBS.
Docket No. 63, Calendar No. 45,515.
Supreme Court of Michigan.
Decided December 9, 1952.
Sharpe, Stapleton, Huff & Adams, for appellants.
Uhl, Bryant, Slawson & Wheeler, for other lineal descendants and administrator.
SHARPE, J.
LeRoy F. Irwin and Mary M. Sage were married in October, 1949. A few days prior to the marriage they entered into a prenuptial agreement whereby Mary M. Sage was to receive as her share of the LeRoy F. Irwin estate the sum of $500 and the family car. LeRoy F. Irwin died intestate November 12, 1949. His widow, Mary Sage Irwin, has acknowledged receipt of the sum of $500 and the family car. She makes no further claims against the estate. The estate consists of real estate of the value of $4,000, and personal property of the value of $25,000. Decedent left no parents, brothers or sisters, nor children.
*145 Surviving him, besides his widow, were 3 nieces and a nephew, children of 2 deceased brothers and a deceased sister, who are appellants in the instant case. The appellees are grand-nieces or grandnephews, or great-grand-nieces or great-grandnephews. The issues involved in this case were first submitted to the probate court of Allegan county, and that court, on January 19, 1951, entered an order "Determining Inheritance." An appeal was regularly taken to the circuit court of Allegan county, and the cause submitted by stipulation of the interested parties. The trial court entered an order based upon the following taken from his opinion:
"The issue before the court is whether the prenuptial settlement in any way affects the statute of distribution as it operates to distribute the personalty in this estate. CL 1948, § 702.93, as amended by PA 1949, No 78 (Stat Ann 1949 Cum Supp § 27.3178 [163]). Appellants claim that decedent left a widow within the meaning of the above statute. Appellees hold the position that the statute refers to a widow who can take under the statute.
"In this connection the court is of the opinion that the term `widow' means a surviving spouse without any qualifications. Had the legislature any other intent it could have been expressed.
"The probate code of this State recognizes 2 methods of distribution: By will and by intestacy. Prospective heirs or distributees in an estate ought not to be deprived of their rightful share by the contract of other parties. If the parties to this prenuptial agreement are allowed thereby to alter the status of the widow, they, in effect, are by contract determining the class that would take under the statute. This may be accomplished by will and by will alone. See Hudnall v. Ham, 183 Ill 486 (56 NE 172, 48 LRA 557, 75 Am St Rep 124).
"Having determined that decedent was survived by a widow within the meaning of the statute, we then *146 have the question: What becomes of the share she would have taken but for the settlement. Appellants contend that the widow's share should stay in the class created by her existence, while appellees claim it should go to those who would take under the last sentence: `In any other case.' * * *
"Here we are faced with an impasse. On the one hand the statute limits the participation of lineal descendants to `such share,' while on the other hand the situation cannot be said to be `any other case' because we have a widow and lineal descendants of deceased brothers and sisters.
"The legislature has spoken to the extent that it has created a class that can take when a widow survives. A disqualification by any member of the class ought not to operate so as to remove any portion of the share out of the class and into another class. The share ought to stay within the class. If it can be said that this result does violence to some of the language of the statute it must be recognized that either interpretation has a similar result.
"It is the determination of this court that the lineal descendants (per stirpes) of the deceased brothers and sisters of Leroy F. Irwin take the personalty of this estate except that portion to which the widow is entitled under the prenuptial settlement. It is the determination of this court that the real estate shall descend to the 4 surviving children of the deceased brothers and sisters of decedent. The order determining the heirs of this estate heretofore entered is set aside and this cause remanded back to the probate court for entrance of an order of determination of heirs consistent with this opinion."
Appellants appeal and urge that the word "widow" as it appears in the statute covering distribution of personal property in an intestate estate means a widow whose right to inherit has not been foreclosed by reason of a prenuptial agreement.
*147 Antenuptial agreements are expressly accorded validity by statute; see CL 1948, § 557.5 (Stat Ann § 26.164), and parties entering into such agreements are bound thereby. See Richard v. Detroit Trust Co., 269 Mich 411; and In re Hepinstall's Estate, 323 Mich 322. In no case has our Court held that such agreements may alter the course of descent and distribution under CL 1948, § 702.80 (Stat Ann 1943 Rev § 27.3178 [150]). A similar situation arose in Hudnall v. Ham, 183 Ill 486, 498 (56 NE 172, 48 LRA 557, 75 Am St Rep 124). The court there said:
"Mary E.T. Taylor is no less the widow of Jeremiah Taylor because she executed the antenuptial agreement. She was his lawful wife, and upon his death became his lawful widow, and her antenuptial contract cannot be used to confer heirship upon the appellants where none is conferred by statute. Heirship is not created by contract, but by law only. Persons who inherit are heirs at law, not heirs by contract."
We are in accord with the above reasoning and hold that antenuptial agreements cannot change the statute relating to the course of descent and distribution of personal property. The term "widow" is not confined to a widow whose right to inherit has been foreclosed by reason of a prenuptial agreement.
Having determined that Mary Sage Irwin is the widow of LeRoy F. Irwin, we are now presented with the issue as to what becomes of her share of the estate that she would have taken if she were not foreclosed by her prenuptial agreement.
In the case at bar the widow, by contract, has precluded herself from taking her share of the estate. At the time of decedent's death the statute regulating the distribution of personal estate read as follows (CL 1948, § 702.93, as amended by PA 1949, No 78 [Stat Ann 1949 Cum Supp § 27.3178 (163)]):
*148 "In case the deceased shall leave a widow and no children, or the issue of any deceased child surviving him, then such residue, if it shall not exceed the sum of $3,000, shall go to such widow, and if it exceed the sum of $3,000 such excess shall be distributed, 1/2 to such widow and the other half to the father and mother of the deceased, if living, in equal shares; if either parent be deceased, such share shall go to the survivor, and if both parents be deceased, such share shall be distributed equally to the brothers and sisters and the lineal descendants of any deceased brother or sister by right of representation. And if there shall be neither father nor mother, nor brother nor sister, nor lineal descendants of any deceased brother or sister surviving, then such residue shall go to the widow. In any other case the residue, if any, of the personal estate shall be distributed in the same proportion and to the same persons, and for the same purposes, as prescribed for the descent and disposition of the real estate."
Under the above statute the widow, had she not foreclosed herself by prenuptial agreement, would receive the sum of $3,000 and 1/2 of the personal property in excess of $3,000, and the balance be divided according to the statute. The problem before us is to determine to whom shall the widow's share be allotted. It is the claim of appellees that the share of the personal property given to the widow by statute should be distributed among the appellants and appellees together, with the share they are allowed by statute. It is the claim of appellants that they are entitled to all of the personal property. We are not in accord with this view, and hold that the personal property of the estate, except the so-called widow's share, passes to the lineal descendants of any deceased brother or sister by right of representation. It is also the claim of appellants that the widow's share should be distributed according to the following:
*149 "In any other case the residue, if any, of the personal estate shall be distributed in the same proportion and to the same persons, and for the same purposes, as prescribed for the descent and disposition of the real estate."
We note that the statute does not definitely state who is to receive the personalty that the widow has renounced, except the residue clause above quoted.
In our opinion the so-called "widow's share" falls into the residue clause of the statute, and should be distributed accordingly. The judgment of the trial court is reversed and a judgment will be entered in accordance with this opinion, and certified to the probate court for further proceedings.
No costs will be allowed, as the construction of a statute is involved.
DETHMERS, BUTZEL, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred.
The late Chief Justice NORTH did not sit.