*In re* MUXLOW ESTATE.

APPEAL OF BRYCE.

1. HUSBAND AND WIFE—ANTENUPTIAL CONTRACTS—STATUTES.
   Antenuptial agreements are expressly authorized by statute in this State (CL 1948, § 557.5).

2. SAME—ANTENUPTIAL CONTRACTS—PUBLIC POLICY.
   Generally, an antenuptial contract which provides for, facilitates, or tends to induce a separation or divorce of the parties after marriage, is contrary to public policy, and is, therefore, void (CL 1948, § 557.5).

3. SAME—ANTENUPTIAL CONTRACT—SUPPORT OF WIFE.
   An antenuptial agreement may not legally limit the husband's obligation to support his wife to the sum of $100 per year (CL 1948, § 557.5).

4. SAME—CONSTRUCTION OF ANTENUPTIAL CONTRACTS—PUBLIC POLICY.
   Antenuptial agreement which did not effectively bar either party from claiming an interest in the property of the other had their marital relation terminated prior to the death of one of the parties, nor effectively limit husband's obligation to support wife, may not be said to make separation or divorce more attractive to either party, hence, was not void as against public policy (CL 1948, § 557.5).

Appeal from Lapeer; Quinn (Timothy C.), J. Submitted April 3, 1962. (Docket No. 8, Calendar No. 49,290.) Decided July 2, 1962.

REFERENCES FOR POINTS IN HEADNOTES

[1] 26 Am Jur, Husband and Wife § 275 *et seq.*
[2] 17 Am Jur, Divorce and Separation § 16.
   Validity of argument facilitating or contemplating divorce or separation. 70 ALR 826.
[3] 26 Am Jur, Husband and Wife § 290.

In the matter of the estate of Fred R. Muxlow, deceased, determination made in probate and circuit courts that antenuptial agreement was valid, barring widow, Minerva Muxlow, from inheritance. Cecil Earl Bryce, administrator of the widow's estate, appeals. Affirmed.

*Robert L. Taylor,* for Fred R. Muxlow estate.

*Atkins & Drillock,* for Minerva Muxlow estate.

SOURIS, J. Minerva Muxlow and Fred Muxlow were married in November of 1935. In February of 1937 they separated, but were never divorced. Fred Muxlow died in 1958 and Minerva died the following year. At issue in this appeal is an antenuptial agreement entered into by Minerva and Fred Muxlow a few days before their marriage. Its invalidity is urged by the administrator of Minerva's estate, appellant herein, solely on the ground that it limited Fred Muxlow's financial obligations to Minerva upon termination of the marital relation, was entered into in contemplation of a future separation and was, therefore, void because against public policy.

The probate court upheld the validity of the agreement, thereby barring Minerva's administrator from claiming any interest in Fred's estate. On appeal to the circuit court for Lapeer county, Judge Quinn likewise affirmed the validity of the agreement.

Antenuptial agreements are expressly authorized by statute in this State. CL 1948, § 557.5 (Stat Ann 1957 Rev § 26.164), and *In re Irwin's Estate,* 335 Mich 143, 147. The general rule is that an "antenuptial contract which provides for, facilitates, or tends to induce a separation or divorce of the parties after marriage, is contrary to public policy, and is therefore void." 70 ALR 826, 827, and cases therein annotated. See, also, *Scherba* v. *Scherba,* 340 Mich

228, 231. The antenuptial agreement involved in this appeal, excepting only the acknowledgment, is as follows:

"Antenuptial Agreement.

"This indenture, made this 7th day of November, 1935, by and between Fred R. Muxlow of Marlette, Michigan, party of the first part, and Minerva G. Bryce of Brown City, Michigan, party of the second part, witnesseth:

"That whereas, a marriage has been agreed upon and is intended to be duly had and solemnized between the said parties, and whereas, both of said parties are possessed of certain real and personal properties and it is the desire of said parties that neither of them, upon the death of the other or upon the termination of the marital relation of said parties, shall claim or have any interest or title in the property of the other,

"Therefore, in consideration of the mutual agreement of said parties and the consideration hereinafter named, it is hereby mutually agreed by and between said parties, for themselves, their heirs, administrators, executors and assigns that each of them shall release and relinquish and do hereby release and relinquish to the other any and all claims of any kind and nature in and to the property, both real and personal, of the other party which includes any claim of dower or curtesy and any right or claim which might accrue to them upon the death of the other by virtue of any law of the United States or of this State, and includes any claim against any property now held by said parties or which they may hereafter acquire. The said parties further agree that either will, at the request of the other, at any time execute such deeds, instruments or conveyances as may be necessary for the transfer of property or may otherwise be required to carry out the full intent and purpose of this agreement.

"Further, it is agreed that first party shall pay to second party the sum of $100 per year, beginning

1 year after marriage and payable each year thereafter so long as both of said parties live but upon the death of either party or in the event that said parties cease to live and cohabit together as husband and wife, then said yearly payments shall cease.

"In witness whereof, the parties hereto have set their hands and seals the day and year first above written.

> /s/ Fred R. Muxlow (L.S.)
> /s/ Minerva G. Bryce (L.S.)

"Witnessed by
/s/ Glen Smith
/s/ Glenn Powell"

The second and the fourth paragraphs of the foregoing agreement are the ones relied upon by appellant to establish the claim that it was entered into in contemplation of a future separation. The second paragraph, it is true, recites that the intention of the parties was to provide for disclaimer by each of any interest in the property of the other upon termination of the marital relation as well as upon death. Of controlling significance, however, is the fact that notwithstanding the express desire of the parties, the agreement contains mutual disclaimers effective only upon death. Whatever may be said concerning the desire and motives of the parties at the time of execution of the agreement, the fact remains there is no language in the agreement which effectively barred either party from claiming an interest in the property of the other had their marital relation terminated prior to the death of one of the parties.

Appellant also contends that the fourth paragraph of the agreement quoted above absolutely limits Fred Muxlow's obligation to support and maintain his wife. Appellant claims the fact of the matter is, as disclosed by receipts duly signed by Minerva Muxlow, that Fred paid her $100 in satisfaction of his obligation under the fourth paragraph of the agree-

ment for the period of their marriage from its inception in November of 1935 to November, 1936 and the further sum of $27 for the three-month period from November, 1936 to February 18, 1937, the date of separation of the parties. Thereafter, apparently, the parties lived apart, although remaining married, without further contributions made by Fred to Minerva. As we read the fourth paragraph of the agreement, it requires Fred Muxlow to pay his wife each year during their marriage, until death or cessation of the relationship of husband and wife, the sum of $100. For what purpose this payment was to be made, the agreement is silent; but it is certain that the agreement itself did not purport to limit the husband's obligation to support his wife to the sum of $100, nor could it legally have done so.

Nothing in the agreement can be said to make separation or divorce more attractive to either party, notwithstanding the apparent interpretation given to the agreement by the parties themselves following their separation. See annotation 57 ALR2d 942. Had one of the parties to the agreement sought divorce, the chancellor would not have been bound by anything in the agreement in dividing the property of the parties or in awarding alimony and other rights, if in his judgment the equities so required.

Accordingly, since it cannot be held that any effective provision of this agreement provided for, facilitated, or tended to induce a separation or divorce, the agreement was not against public policy, and the judgment of the circuit court affirming its validity is, therefore, affirmed. Costs may be taxed in favor of appellee.

CARR, C. J., and KELLY, BLACK, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred with SOURIS, J.

DETHMERS, J., concurred in result.